El Pueblo de Puerto Rico, demandante y apelado, *v.* Honorio Ramírez Sola, acusado y apelante.

Núm. 11342.—*Sometido:* Junio 10, 1946. *Resuelto:* Enero 14, 1947.

*Eduardo Ortiz Reyes,* abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández (E. Campos del Toro, ex Procurador General,* en el alegato) *y Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El apelante fué convicto y condenado a pagar una multa de cincuenta dólares por un delito de acometimiento grave consistente en haber acometido con los puños a una mujer, siendo el acusado un varón adulto y fuerte.

Como primer señalamiento se alega que la corte sentenciadora erró al admitir como prueba de refutación el testimonio del policía Miguel A. Vázquez.

En la denuncia formulada contra el acusado se dice que éste le tiró dos bofetadas a la denunciante, no logrando agredirla por la pronta intervención del Sr. Juan Díaz Quintana. Y al pie de la denuncia se cita como testigo a Juan Díaz Quintana y a Miguel A. Vázquez como "testigo de sub-rebuttal".

En el acto de la vista, el fiscal ofreció el testimonio de Hortensia McCormick de Gutiérrez, quien declaró; que desempeñaba el cargo de Administradora del Caserío "José Mercado", en Caguas; que el día de autos, como entre doce y una de la noche, la señora del dueño de un cine vino a llamarla, pidiéndole que fuera a su casa porque el inquilino Honorio Ramírez, el acusado, estaba rompiendo el circo; que fué al sitio indicado y encontró allí al acusado; que con ese motivo surgió una discusión entre ella y el acusado, dicién-

dole éste a ella cosas desagradables; que ella siguió para su casa y el acusado siguió detrás de ella; que al llegar frente a su casa, el vecino de enfrente se levantó y vino a oír la discusión; que al decirle el acusado que ella era "una mujer parada", a ella le dió coraje y le dijo que él era un charlatán; que entonces el acusado se enfureció y le tiró y el vecino lo agarró y le dijo: "tú estás loco, no ves que es la administradora, te estás metiendo en un lío"; que el acusado siguió diciéndole cosas y cuando ella le dijo que estaba abusando porque era una mujer sola y no tenía quien la defendiera y le repitió que él era un charlatán, el acusado por segunda vez le tiró una bofetada y no le dió porque el vecino se metió. Al terminar la declaración de la denunciante, la defensa presentó una "moción de *nonsuit*", basándola en que apareciendo de la denuncia que Juan Díaz Quintana fué quien impidió la agresión, el fiscal estaba obligado a presentar el testimonio de ese testigo para probar el elemento esencial del delito. La moción fué declarada sin lugar y entonces el abogado defensor dijo: "Como el fiscal no ha utilizado al testigo Juan Díaz Quintana, lo voy a utilizar".

Llamado a declarar por la defensa, Juan Díaz Quintana declaró haber presenciado y oído la discusión habida entre la denunciante y el acusado; que no vió en momento alguno que el acusado le tirase bofetadas a la denunciante; que no recuerda haberle dicho al policía Vázquez que el acusado le había tirado a la señora; que en ningún momento pudo decirle que le tirara "porque estaban discutiendo tan de cerca que si llega a tirarle la coge"; que no es verdad que el acusado acometiera con los puños violentamente a la denunciante y que no logró agredirla por haber intervenido el testigo.

Declaró el acusado admitiendo haber tenido una discusión con la denunciante, pero negó haber hecho gestos amenazantes o que tratase de agredir en forma alguna a dicha señora. Llamado por el fiscal, el policía Miguel A. Vázquez declaró: Que en la noche de autos practicó una investigación de lo

ocurrido entre el acusado y la señora McCormick; que el testigo Juan Díaz Quintana le dijo, en presencia del acusado, que éste, después de tener una discusión con dicha señora le había tirado dos bofetadas y que a no ser porque él intervino una de las bofetadas hubiese alcanzado a la señora. Repreguntado por la defensa contestó que las manifestaciones de Díaz Quintana no fueron hechas en presencia del acusado.

No conocemos regla alguna que obligue al fiscal a presentar en el acto de la vista el testimonio de todos y cada uno de los testigos mencionados en la denuncia o acusación. Siendo el testimonio de un solo testigo, creído por la corte, suficiente para sostener una acusación, salvo en aquellos casos en que la ley exige corroboración, el fiscal puede, como lo hizo en el caso de autos, presentar un solo testigo para probar su caso.

El hecho de que el fiscal no usase el testimonio del policía Vázquez al principio y que lo ofreciera más tarde como rebuttal, de ser un error no sería por sí solo suficiente para justificar la revocación de la sentencia. Ya hemos resuelto en *Pueblo* v. *Noemí Rodríguez de Escobar,* por sentencia de 21 de junio de 1946 (ante, pág. 317), que la corte ante la cual se celebra el juicio tiene la facultad discrecional necesaria para admitir la declaración de un testigo fuera de orden, siempre que la parte contraria tenga la oportunidad de repreguntar al testigo. Esa oportunidad la tuvo el acusado en el presente caso. No hubo abuso de discreción.

Las contradicciones resultantes de la prueba fueron resueltas en contra del acusado. La corte dió entero crédito a la declaración de la denunciante y no así a la del acusado. No podemos decir que la corte errara en la apreciación de la prueba. Y siendo la de cargo suficiente para justificar la sentencia, *ésta debe ser confirmada.*